IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KERRI MOEGENBURG,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY,<br><br>Defendant. | Case No. 4:10-cv-486<br><br>Iowa District Ct. Case No. CL119559<br><br>NOTICE OF REMOVAL |

**COMES NOW** Defendant Nationwide Insurance Company ("Defendant") and through its attorneys, Gonzalez, Saggio & Harlan, LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby removes the above-captioned cause of action from the Iowa District Court for Polk County to the United States District Court, Southern District of Iowa, Central Division. In support thereof, Defendant states the following:

1.  This action was originally filed by Plaintiff against Defendant on or about September 8, 2010 in the Iowa District Court in and for Polk County, entitled <u>Kerri Moegenburg v. Nationwide Insurance Company,</u> Case No. CL119557. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a copy of the Petition at Law and Amended Petition at Law are attached as Exhibits 1 and 2.

2.  Personal service was made upon Defendant on September 30, 2010.

1

3. This case may be removed from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1332. The United States District Court has original jurisdiction over the litigation filed in state court based on diversity of the parties.

4. This is a civil action in which Plaintiff is alleging disability discrimination in employment. Plaintiff seeks the remedies of reinstatement to her prior job position with Defendant, was well as awards for past lost wages and benefits, future lost wages and benefits, compensatory damages, punitive damages, reasonable attorney fees, interests and the costs of this suit. The value of the potential damages sought by Plaintiff exceeds $75,000.00.

5. Defendant, Nationwide Insurance Company is the sole Defendant in this action. Nationwide Mutual Insurance Company is incorporated and has its principal place of business in Columbus, Ohio.

6. Plaintiff is a resident of Des Moines, Polk County, Iowa.

7. The time for filing this notice of removal has not run because thirty (30) days has not expired since September 30, 2010, the date on which the Defendant was personally served with the Original Notice and Amended Petition.

8. A copy of the Original Notice and Petition at Law and Amended Petition at Law filed by the Plaintiff are attached and incorporated herein by reference as Exhibit No. 1 and 2 respectively. Defendant has not been served with, and is not aware of any other process, pleadings, and/or orders in the action pending in the Iowa District Court in and for Polk County.

9. Pursuant to Local Rule 81(a), Defendant states that this is the only matter currently pending in the state court that will require resolution.

10. Defendant has neither served any pleadings nor made any appearance or argument in the action pending in the Iowa District Court in and for Polk County.

11. Counsel that has appeared on behalf of Plaintiff in state court is:

Thomas M. Werner
1441 29th Street, Suite 111
West Des Moines, Iowa 50266-1309
Telephone:   (515) 225-9300
Facsimile:    (515) 224-6737
Email: twerner777@yahoo.com

12. This Notice of Removal is being served upon the Plaintiff's counsel by mail and is being filed with the Clerk of the Iowa District Court in and for Polk County.

**WHEREFORE**, Defendant gives notice that the above-captioned action now pending against it in the Iowa District Court in and for Polk County is removed therefrom to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

/s/ Kerrie M. Murphy          AT0005576
/s/ Laurie J. Wiedenhoff      AT0008521
/s/ Julie L. Bittner          AT0009719
GONZALEZ SAGGIO & HARLAN LLP
1501 42nd Street, Suite 465
West Des Moines, IA 50266-1090
Telephone: (515) 453-8509
Facsimile: (515) 267-1408
E-mail: kerrie_murphy@gshllp.com
E-mail: laurie_wiedenhoff@gshllp.com
E-mail: julie_bittner@gshllp.com
*Attorneys for Defendant*

I hereby certify that on October 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, IA 50266
Telephone: (515) 225-9300
Facsimile: (515) 224-6737
E-mail: twerner777@yahoo.com
*Attorney for Plaintiff*

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| KERRI MOEGENBURG,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | No. CL119559<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE NAMED DEFENDANT:   NATIONWIDE MUTUAL INSURANCE COMPANY

You are hereby notified that there is now on file in the office of the clerk of the above court a Petition in the above-entitled action, a copy of which Petition is attached hereto. The Plaintiff's attorney is Thomas M. Werner whose address is 1441 – 29th Street, Suite 111, West Des Moines, Iowa 50266, (515) 225-9300 - telephone, (515) 224-6737 - facsimile.

You are further notified that unless within 20 days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file, a Motion or Answer in the Iowa District Court for Polk County, at the Polk County Courthouse in Des Moines Iowa, judgment by default will be rendered against you for the relief demanded in the Petition.

*Randy Osborn*
CLERK OF THE ABOVE COURT
Polk County Courthouse
Des Moines, Iowa

NOTE: The attorney who is expected to represent the Defendant should be promptly advised by Respondent of the service of this notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| KERRI MOEGENBURG, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | No. CL119559 <br><br> AMENDED AND SUBSTITUTED PETITION AT LAW |

COMES NOW the Plaintiff, Kerri Moegenburg, per the provisions of Iowa Rule of Civil Procedure 1.402(4), and for her Amended and Substituted Petition at Law against the above-named Defendant respectfully states to the Court as follows:

### INTRODUCTION

1. This is an action brought under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216, alleging disability discrimination in employment. In this suit, Plaintiff seeks the remedies of reinstatement to her prior job position with Defendant, as well as awards for past lost wages and benefits, future lost wages and benefits, compensatory damages, punitive damages, reasonable attorney fees, interest, and the costs of this suit.

### JURISDICTION

2. The jurisdiction of this Court is invoked under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216.

### VENUE

3. Venue is appropriate in this district under the Iowa Civil Rights Act since Defendant is doing business in Polk County, Iowa, and since the unlawful employment practices complained of herein were committed in Des Moines, Polk County, Iowa.

## PROCEDURAL PREREQUISITES

4. Pursuant to Iowa Code §216.15(12) (2009), Plaintiff filed timely charges of disability discrimination in employment with the Iowa Civil Rights Commission.

5. Plaintiff has complied with the procedural prerequisites regarding obtaining a Right to Sue Release from the Iowa Civil Rights Commission. Plaintiff's Right to Sue Letter from the Commission was issued on August 24, 2010.

## PARTIES

6. At all times material hereto Plaintiff Moegenburg was a resident of Des Moines, Polk County, Iowa.

7. At all times material hereto Defendant Nationwide Mutual Insurance Company was a foreign corporation that did business in Des Moines, Polk County, Iowa.

8. At all times material hereto Defendant Nationwide Mutual Insurance Company was Plaintiff Moegenburg's "employer".

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant on or about February 26, 2008. At that time, she began employment with Defendant as a Licensed Personal Casualty/Property Representative. In that job, she worked in Defendant's Des Moines-office Customer Service Department, and her job essentially required her to field calls from customers and insurance agents.

10. In mid-late August 2009, Plaintiff began suffering from an illness which included left ear pain, light headedness, neck and shoulder pain, and a feeling of "swelling" in her shoulder region. As a result, on Friday August 21, 2009, she called Defendant's representative and informed that person that she was ill and would need to take a sick day from her job.

11. The following week, the week of August 24, 2009, Plaintiff's medical condition had not improved. As a result, during that week she continued on sick leave from her job with Defendant.

12. On August 26, 2009, Plaintiff visited her family physician, Collette Kono, regarding her illness. At that time, her condition was diagnosed as acute cervical lymphadenitis on the left. Kono recommended that Plaintiff remain off work and monitor the situation.

13. The following day, August 27, 2009, Plaintiff noted that she had a type of "lump" on the back of her neck. As a result, she immediately informed Kono's office of the finding.

14. By Monday, August 31, 2009, Plaintiff's symptoms were worsening and she had found additional lumps on the back of her neck. As a result, she returned to Collette Kono for further evaluation. At that time, blood tests were run and Plaintiff was given a diagnosis of mononucleosis. Due to her condition, Kono recommended that Plaintiff remain off work until further notice.

15. On either September 1 or 2, 2009, Plaintiff contacted Nationwide's nurse, Lisa O'Hern, about her medical situation. She contacted O'Hern because it was apparent to Plaintiff that she would need to remain off work for some additional time, and also because Plaintiff desired to file for short-term disability benefits while she was off on leave from work. Subsequent to the conversation, O'Hern forwarded Plaintiff disability paperwork to complete, which paperwork was subsequently completed by Colette Kono's office.

16. On September 2, 2009, Plaintiff was hospitalized at Iowa Methodist Medical Center in Des Moines, Iowa, for left-sided abdominal pain. At the hospital, Plaintiff was given a diagnosis of splenomegal, which she understood to be a complication of her mononucleosis. To

Plaintiff's recollection, she was hospitalized at Iowa Methodist at that time for a period of six days.

17. On September 12, 2009, Plaintiff was admitted to the Ottumwa Regional Health Center for pain on the left side of her abdomen. She was then hospitalized for three days until September 14, 2009. On that date, Plaintiff was discharged with various pain medications for her condition.

18. During the entire time period described in paragraphs 10-17 above, Plaintiff kept her superiors with Defendant updated on her medical treatment and condition. And, on different occasions, her family physician, Collette Kono, filled out disability paperwork on Plaintiff's behalf.

19. On September 28, 2009, Plaintiff was re-admitted to the Ottumwa Regional Health Center for problems associated with her mononucleosis. On that occasion, her treating physicians diagnosed her illness as being probable gastroenteritis with underlying mononucleosis with splenomegaly and secondary pain. Plaintiff believes she was hospitalized for three days on that occasion, and then was discharged with different medications.

20. On October 7, 2009, Plaintiff saw a Dr. John Hines of the Iowa Clinic in Des Moines for further testing. To Plaintiff's recollection, Dr. Hines opined that Plaintiff's liver enzymes might have been "off", and he recommended a low fat diet and weight reduction for her.

21. On either October 10 or 11, 2009, Plaintiff experienced problems with severe nausea, diarrhea, vomiting, and left-sided abdominal pain. As a result, she was again hospitalized at the Ottumwa Regional Health Center. During that hospitalization, Plaintiff was diagnosed as suffering from intractable abdominal pain, minimal splenomegaly, history of mononucleosis, hypertension, and depression. Plaintiff believes she was discharged on October 14, 2009,

with the recommendation that she be transferred to the Iowa Methodist Medical Center in Des Moines for better access to gastroenterology services.

22. In view of the recommendations referred to in paragraph 21 above, Plaintiff was transferred to the Iowa Methodist Medical Center. There, she was hospitalized until October 20, 2009. During her hospitalization, her primary treating physicians, Drs. Quann and Swegle, indicated that Plaintiff had suffered a splenic infarct as a result of her mononucleosis.

23. In late October 2009, Lisa O'Hern from Defendant's medical department called Plaintiff so as to request that she (O'Hern) be updated with Plaintiff's different medical records. Plaintiff then obtained those records from her treating physicians and delivered them to Defendant's security desk. Subsequent to that visit, Plaintiff was contacted by O'Hern and told that O'Hern had in fact received the requested medical records.

24. After Plaintiff's hospitalization at Iowa Methodist Medical Center as referred to in paragraph 22 above, she continued to see different doctors in an effort to recuperate from her medical conditions. She saw a Dr. Debra Welker, a Dr. Jeffrey DeFrancisco, and Dr. John Hines. In addition to various forms of testing and medical treatment, those physicians recommended that Plaintiff refrain from working pending further testing.

25. During the entire timeframe described in paragraphs 10 to 24 above, Plaintiff kept her superiors with Defendant updated concerning her medical treatment and progress. And, as indicated above, disability paperwork was regularly filled out by one or more of Plaintiff's physicians and then forwarded to Defendant's attention.

26. On November 25, 2009, without any form of advance notice, Plaintiff received a phone call from her supervisor with Defendant, Joelle Embrick. In that call Plaintiff was informed that

5

she was being terminated from Defendant's employ, and she was told her discharge paperwork had been "processed" a few days earlier on November 23, 2009.

27. After the discussion with Joelle Embrick referred to above, Plaintiff received a letter from Embrick dated November 23, 2009. That letter informed Plaintiff that her employment with Nationwide "has been terminated effective immediately".

### FIRST CLAIM – DISABILITY DISCRIMINATION IN EMPLOYMENT (IOWA CODE CHAPTER 216)

1. Plaintiff by reference incorporates herein paragraphs 1-27 of this Petition as if fully set forth herein.

2. The medical conditions previously described in paragraphs 10 to 24 above constitute a disability under the Iowa Civil Rights Act, real or perceived.

3. Defendant's action in terminating Plaintiff from her employment, as previously described, was the result of Plaintiff's physical disability, real or perceived.

4. Defendant's actions in terminating Plaintiff, as above described, constituted a failure to offer Plaintiff a reasonable accommodation of her disability and was in violation of the provisions of the Iowa Civil Rights Act.

5. As a proximate result of Defendant's actions, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of her employment with Defendant. She has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to her reputation.

6. Defendant's actions as described above were reckless, willful, wanton, and intentional, and justify an award of punitive damages in this suit.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on her behalf finding that Defendant violated the disability discrimination provisions of the Iowa Civil Rights

Act, Iowa Code Chapter 216; that the Court order Plaintiff be reinstated to her prior job position with Defendant; that Plaintiff be awarded damages representing all past lost wages and past lost benefits that she sustains through the date of trial in this case; that Plaintiff be awarded damages representing those future lost wages and benefits that she is likely to incur beyond the trial date herein; that Plaintiff be awarded compensatory damages in the amount of no less than Thirty-five Thousand Dollars ($35,000.00) for the emotional pain, distress, embarrassment, humiliation, and damage to reputation she has sustained in the past, and will continue to sustain in the future, as a result of the actions complained of; that Plaintiff be awarded punitive damages in the amount of no less than One Hundred Thousand Dollars ($100,000.00); that Plaintiff be awarded reasonable attorney fees under Chapter 216; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever further relief the Court deems appropriate.

                Respectfully submitted,

                _____

                Thomas M. Werner
                1441 – 29th Street, Suite 111
                West Des Moines, Iowa 50266
                Telephone: (515) 225-9300
                Facsimile: (515) 224-6737
                E-mail: twerner777@yahoo.com
                ATTORNEY FOR PLAINTIFF

### IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| KERRI MOEGENBURG,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | No. CL119559<br><br>AMENDED JURY DEMAND |

COMES NOW the above Plaintiff, Kerri Moegenburg, and hereby demands a jury trial on all issues raised in this suit.

Respectfully submitted,

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, Iowa 50266
Telephone: (515) 225-9300
Facsimile: (515) 224-6737
E-mail: twerner777@yahoo.com
ATTORNEY FOR PLAINTIFF