IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KERRI MOEGENBURG,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 4:10-cv-486<br><br><br><br>PLAINTIFF'S SECOND AMENDED AND SUBSTITUTED COMPLAINT |

COMES NOW the Plaintiff, Kerri Moegenburg, and for her Second Amended and Substituted Complaint against the above-named Defendant respectfully states to the Court as follows:

### INTRODUCTION

1. This is an action brought under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216, alleging disability discrimination in employment. Plaintiff's action also raises a claim under the Family and Medical Leave Act, 29 U.S.C. §2601 et. seq. In this suit, Plaintiff seeks the remedies of reinstatement to her prior job position with Defendant, as well as awards for past lost wages and benefits, future lost wages and benefits, compensatory damages, punitive damages, reasonable attorney fees, interest, and the costs of this suit.

### JURISDICTION

2. The jurisdiction of this Court is invoked under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216, and also under the provisions of the Family and Medical Leave Act.

**VENUE**

3. Venue is appropriate in this district under the Iowa Civil Rights Act since Defendant is doing business in Polk County, Iowa, and since the unlawful employment practices complained of herein were committed in Des Moines, Polk County, Iowa.

**PROCEDURAL PREREQUISITES**

4. Pursuant to Iowa Code §216.15(12) (2009), Plaintiff filed timely charges of disability discrimination in employment with the Iowa Civil Rights Commission.

5. Plaintiff has complied with the procedural prerequisites regarding obtaining a Right to Sue Release from the Iowa Civil Rights Commission. Plaintiff's Right to Sue Letter from the Commission was issued on August 24, 2010.

**PARTIES**

6. At all times material hereto Plaintiff Moegenburg was a resident of Des Moines, Polk County, Iowa.

7. At all times material hereto Defendant Nationwide Mutual Insurance Company was a foreign corporation that did business in Des Moines, Polk County, Iowa.

8. At all times material hereto Defendant Nationwide Mutual Insurance Company was Plaintiff Moegenburg's "employer".

**FACTUAL BACKGROUND**

9. Plaintiff was hired by Defendant on or about February 26, 2008. At that time, she began employment with Defendant as a Licensed Personal Casualty/Property Representative. In that job, she worked in Defendant's Des Moines-office Customer Service Department, and her job essentially required her to field calls from customers and insurance agents.

10. In mid-late August 2009, Plaintiff began suffering from an illness which included left ear pain, light headedness, neck and shoulder pain, and a feeling of "swelling" in her shoulder region. As a result, on Friday August 21, 2009, she called Defendant's representative and informed that person that she was ill and would need to take a sick day from her job.

11. The following week, the week of August 24, 2009, Plaintiff's medical condition had not improved. As a result, during that week she continued on sick leave from her job with Defendant.

12. On August 26, 2009, Plaintiff visited her family physician, Collette Kono, regarding her illness. At that time, her condition was diagnosed as acute cervical lymphadenitis on the left. Kono recommended that Plaintiff remain off work and monitor the situation.

13. The following day, August 27, 2009, Plaintiff noted that she had a type of "lump" on the back of her neck. As a result, she immediately informed Kono's office of the finding.

14. By Monday, August 31, 2009, Plaintiff's symptoms were worsening and she had found additional lumps on the back of her neck. As a result, she returned to Collette Kono for further evaluation. At that time, blood tests were run and Plaintiff was given a diagnosis of mononucleosis. Due to her condition, Kono recommended that Plaintiff remain off work until further notice.

15. On either September 1 or 2, 2009, Plaintiff contacted Nationwide's nurse, Lisa O'Hern, about her medical situation. She contacted O'Hern because it was apparent to Plaintiff that she would need to remain off work for some additional time, and also because Plaintiff desired to file for short-term disability benefits while she was off on leave from work. Subsequent to the conversation, O'Hern forwarded Plaintiff disability paperwork to complete, which paperwork was subsequently completed by Colette Kono's office.

16. On September 2, 2009, Plaintiff was hospitalized at Iowa Methodist Medical Center in Des Moines, Iowa, for left-sided abdominal pain. At the hospital, Plaintiff was given a diagnosis of splenomegal, which she understood to be a complication of her mononucleosis. To Plaintiff's recollection, she was hospitalized at Iowa Methodist at that time for a period of six days.

17. On September 12, 2009, Plaintiff was admitted to the Ottumwa Regional Health Center for pain on the left side of her abdomen. She was then hospitalized for three days until September 14, 2009. On that date, Plaintiff was discharged with various pain medications for her condition.

18. During the entire time period described in paragraphs 10-17 above, Plaintiff kept her superiors with Defendant updated on her medical treatment and condition. And, on different occasions, her family physician, Collette Kono, filled out disability paperwork on Plaintiff's behalf.

19. On September 28, 2009, Plaintiff was re-admitted to the Ottumwa Regional Health Center for problems associated with her mononucleosis. On that occasion, her treating physicians diagnosed her illness as being probable gastroenteritis with underlying mononucleosis with splenomegaly and secondary pain. Plaintiff believes she was hospitalized for three days on that occasion, and then was discharged with different medications.

20. On October 7, 2009, Plaintiff saw a Dr. John Hines of the Iowa Clinic in Des Moines for further testing. To Plaintiff's recollection, Dr. Hines opined that Plaintiff's liver enzymes might have been "off", and he recommended a low fat diet and weight reduction for her.

21. On either October 10 or 11, 2009, Plaintiff experienced problems with severe nausea, diarrhea, vomiting, and left-sided abdominal pain. As a result, she was again hospitalized at

the Ottumwa Regional Health Center. During that hospitalization, Plaintiff was diagnosed as suffering from intractable abdominal pain, minimal splenomegaly, history of mononucleosis, hypertension, and depression. Plaintiff believes she was discharged on October 14, 2009, with the recommendation that she be transferred to the Iowa Methodist Medical Center in Des Moines for better access to gastroenterology services.

22. In view of the recommendations referred to in paragraph 21 above, Plaintiff was transferred to the Iowa Methodist Medical Center. There, she was hospitalized until October 20, 2009. During her hospitalization, her primary treating physicians, Drs. Quann and Swegle, indicated that Plaintiff had suffered a splenic infarct as a result of her mononucleosis.

23. In late October 2009, Lisa O'Hern from Defendant's medical department called Plaintiff so as to request that she (O'Hern) be updated with Plaintiff's different medical records. Plaintiff then obtained those records from her treating physicians and delivered them to Defendant's security desk. Subsequent to that visit, Plaintiff was contacted by O'Hern and told that O'Hern had in fact received the requested medical records.

24. After Plaintiff's hospitalization at Iowa Methodist Medical Center as referred to in paragraph 22 above, she continued to see different doctors in an effort to recuperate from her medical conditions. She saw a Dr. Debra Welker, a Dr. Jeffrey DeFrancisco, and Dr. John Hines. In addition to various forms of testing and medical treatment, those physicians recommended that Plaintiff refrain from working pending further testing.

25. During the entire timeframe described in paragraphs 10 to 24 above, Plaintiff kept her superiors with Defendant updated concerning her medical treatment and progress. And, as indicated above, disability paperwork was regularly filled out by one or more of Plaintiff's physicians and then forwarded to Defendant's attention.

26. On November 25, 2009, without any form of advance notice, Plaintiff received a phone call from her supervisor with Defendant, Joelle Embrick.  In that call Plaintiff was informed that she was being terminated from Defendant's employ, and she was told her discharge paperwork had been "processed" a few days earlier on November 23, 2009.

27. After the discussion with Joelle Embrick referred to above, Plaintiff received a letter from Embrick dated November 23, 2009.  That letter informed Plaintiff that her employment with Nationwide "has been terminated effective immediately".

### FIRST CLAIM – DISABILITY DISCRIMINATION IN EMPLOYMENT
### (IOWA CODE CHAPTER 216)

1. Plaintiff by reference incorporates herein paragraphs 1-27 of this Petition as if fully set forth herein.

2. The medical conditions previously described in paragraphs 10 to 24 above constitute a disability under the Iowa Civil Rights Act, real or perceived.

3. Defendant's action in terminating Plaintiff from her employment, as previously described, was the result of Plaintiff's physical disability, real or perceived.

4. Defendant's actions in terminating Plaintiff, as above described, constituted a failure to offer Plaintiff a reasonable accommodation of her disability and was in violation of the provisions of the Iowa Civil Rights Act.

5. As a proximate result of Defendant's actions, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of her employment with Defendant.  She has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to her reputation.

6. Defendant's actions as described above were reckless, willful, wanton, and intentional, and justify an award of punitive damages in this suit.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on her behalf finding that Defendant violated the disability discrimination provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216; that the Court order Plaintiff be reinstated to her prior job position with Defendant; that Plaintiff be awarded damages representing all past lost wages and past lost benefits that she sustains through the date of trial in this case; that Plaintiff be awarded damages representing those future lost wages and benefits that she is likely to incur beyond the trial date herein; that Plaintiff be awarded compensatory damages in the amount of no less than Thirty-five Thousand Dollars ($35,000.00) for the emotional pain, distress, embarrassment, humiliation, and damage to reputation she has sustained in the past, and will continue to sustain in the future, as a result of the actions complained of; that Plaintiff be awarded punitive damages in the amount of no less than One Hundred Thousand Dollars ($100,000.00); that Plaintiff be awarded reasonable attorney fees under Chapter 216; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever further relief the Court deems appropriate.

## SECOND CLAIM – FMLA CLAIM

1. Plaintiff alleges and realleges paragraphs 1-27 of this Second Amended and Substituted Complaint as if fully set forth herein.

2. Plaintiff's medical condition as previously described constituted a "serious health condition" under the terms of the Family and Medical Leave Act. As such, Plaintiff's status is that of an "eligible" employee under the FMLA.

3. Defendant's actions in terminating Plaintiff from its employ on or about November 25, 2009, were in retaliation for the fact that Plaintiff had previously exercised certain rights under the Family and Medical Leave Act.

4. Defendant's actions in terminating Plaintiff from her employment on November 25, 2009, violated the provisions of the Family and Medical Leave Act, 29 U.S.C. §2601 et. seq.

5. As a proximate result of Defendant's actions set out above, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of her employment with Defendant. She has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to her reputation.

6. The Defendant's actions complained of above were reckless, willful, malicious, and wanton, and justify an award of liquidated damages in this suit.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on her behalf, finding that Defendant has violated the Family and Medical Leave Act; that the Court order Plaintiff be reinstated to her prior job position with Defendant; that Plaintiff be awarded the relief of all back pay and lost benefits to which she is entitled; that she be awarded damages representing any future lost benefits and lost income which she is reasonably certain to incur beyond the trial date; that she be awarded the sum of no less than Thirty-five Thousand Dollars ($35,000.00) for emotional pain, distress, humiliation, and damage to her reputation; that she be awarded the sum of no less than Seventy-five Thousand Dollars ($75,000.00) in liquidated damages; that she be awarded her reasonable attorney fees pursuant to the Family and Medical Leave Act; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever relief the Court deems appropriate.

        Respectfully submitted,

        /s/ Thomas M. Werner
        Thomas M. Werner
        1441 – 29th Street, Suite 111
        West Des Moines, Iowa 50266
        Telephone:  (515) 225-9300
        Facsimile:   (515) 224-6737
        E-mail:  twerner777@yahoo.com

        ATTORNEY FOR PLAINTIFF

Copy to:
Kerrie M. Murphy
Laurie J. Widenhoff
Julie L. Bittner
Gonzalez, Saggio & Harlan, L.L.P.
1501 – 42nd Street, Suite 465
West Des Moines, Iowa 50266-1090
Telephone:  (515) 453-8509
Facsimile:   (515) 267-1408
E-mail:  kerrie_murphy@gshllp.com
E-mail:  laurie_widenhoff@gshllp.com
E-mail:  Julie_bittner@gshllp.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF FILING AND SERVICE

This is to certify that on this _____ day of December, 2010, I electronically filed Plaintiff's Second Amended and Substituted Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

        Kerrie M. Murphy
        Laurie J. Widenhoff
        Julie L. Bittner
        Gonzalez, Saggio & Harlan, L.L.P.
        1501 – 42nd Street, Suite 465
        West Des Moines, Iowa 50266-1090
        Telephone:  (515) 453-8509
        Facsimile:   (515) 267-1408
        E-mail:  kerrie_murphy@gshllp.com
        E-mail:  laurie_widenhoff@gshllp.com
        E-mail:  Julie_bittner@gshllp.com
        ATTORNEYS FOR DEFENDANT

        /s/ Thomas M. Werner
        Thomas M. Werner